IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH DUNMORE,

    Petitioner,

v.                                         Civil Action No. 5:06CV137
                                                         (STAMP)

JOYCE FRANCIS, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Procedural History

The pro se[1] petitioner, Keith Dunmore, filed a petition pursuant to 28 U.S.C. § 2241, in which he alleges that the respondents have incorrectly calculated his eligibility for parole under the parole guidelines and have wrongfully denied him parole. Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to Magistrate Judge James E. Seibert for report and recommended disposition. By order dated November 20, 2006, the magistrate judge directed the warden, as respondent, to show cause why the petition should not be granted. The respondent filed a timely response in opposition to the § 2241 petition.

The magistrate judge entered a report recommending that petition be denied and dismissed with prejudice. In his report and

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections were filed.

For the reasons articulated below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety and that the petitioner's § 2241 petition be denied and dismissed with prejudice.

## II. Facts

In 1992, the petitioner was convicted of three offenses in the Superior Court of the District of Columbia, one for armed robbery and armed kidnapping, for which he received a thirty-year sentence; one for possession with intent to distribute cocaine, for which he received a six-year sentence; and one for attempted robbery, for which he received a three-year sentence. The petitioner is currently serving his sentences at the Gilmer Federal Correctional Institution, in Glenville, West Virginia.

The petitioner's initial parole hearing was conducted on November 8, 1999. The Commission assessed a base score of six, denied parole, and continued for a rehearing date thirty-six months after the parole eligibility date. This date represented a departure from the parole guidelines, which recommended a rehearing

within eighteen to twenty-four months after the parole eligibility date.

A rehearing was conducted on March 20, 2002. The Commission denied parole and continued the petitioner to a rehearing to be held after the petitioner had served another eighteen months of his prison term.

A third parole hearing was conducted on September 5, 2003. At this rehearing, the examiner converted the petitioner's base score to a guideline range of 36 to 48 months, then added the number of months to be served until the petitioner was eligible for parole. This total was calculated to be 88 months. Because of a disciplinary infraction which had occurred previously, the examiner added a range of 36 to 76 months. The total to be served before parole was readjusted accordingly to a range of 160 to 212 months. The hearing examiner recommended parole after service of 175 months. Upon review, an Executive Reviewer determined the number of months to parole eligibility as 93 instead of 88, and the guideline range as 165 to 189 months. Because the petitioner had several disciplinary infractions, the Executive Reviewer recommended that a rehearing be scheduled after thirty-six months of additional service of the sentence. The Commission adopted the Executive Reviewer's recommendation, denied parole, and continued to a three-year reconsideration hearing.

Before the next hearing, the petitioner was found guilty of committing a disciplinary infraction for assaulting a visitor. On October 23, 2006, the Commission issued its decision denying the petitioner parole and continuing him to another three-year reconsideration hearing, to be held in October 2009. At the time of the Commission's decision, the petitioner had already been in custody for 179 months. The three-year period extended the date of the petitioner's reconsideration hearing for parole beyond the range recommended by the parole guidelines. The Commission provided the following reason for its decision to exceed the guidelines:

> After consideration of all factors and information presented, a decision above the Current Total Guideline Range is warranted because you are a more serious risk than indicated by the guidelines in that your original offense behavior involved Armed Robbery, Armed Kidnapping, and Attempted Robbery. You have two prior convictions for CDW-Gun and Attempted Robbery. Since your incarceration, you have incurred three disciplinary infractions involving new criminal conduct. Two of your infractions involved Assault on a staff member and the third involved possession of a knife during a fight with another inmate. [Your] most recent violation involved a new criminal conduct when you assaulted your visitor. Your propensity to react violently shows that you are still a risk to the community, warranting your completion of an anger management program and maintaining clear conduct until your next hearing.

(Resp't's Resp. Ex. J at 1.)

In his habeas petition, the petitioner challenges the Commission's calculation of his eligibility for parole under the parole guidelines and alleges that the Commission has wrongfully

4

denied him parole. The petitioner asserts three grounds for relief. First, he argues that the Parole Commission ("the Commission") impermissibly double-counted the petitioner's prior convictions when the Commission considered them both to compute his base guideline range and as a basis for exceeding the parole guideline range. Next, he contends that the Commission arbitrarily rated institutional infractions as new criminal conduct. Finally, he claims that the Commission improperly denied parole by basing its decision on the need for punishment.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

IV. Discussion

A. Ground One: Double-Counting

The magistrate judge found that the petitioner's first claim, that the Commission impermissibly engaged in double-counting provides no ground for relief. Double-counting occurs when the criteria used to establish the base guideline range under the parole guidelines are also used to justify a departure from the recommended guideline range. See Romano v. Baer, 805 F.2d 268, 271 (7th Cir. 1986). However, the Commissioner has unreviewable discretion to depart from the guidelines when "unusual circumstances" so warrant. See 28 C.F.R. § 2.80(n)(1); Page v. Pearson, 261 F. Supp. 2d 528, 532 (E.D. Va. 2003). The magistrate judge did not clearly err in finding that the Commission did not abuse its discretion in departing from the parole guideline range. The petitioner has failed to establish that the Commission's decision to depart from the guidelines violated his constitutional rights, exceeded the Commission's legal authority, or failed to comply with internal procedures. Accordingly, the petitioner's first ground for relief is without merit.

B. Ground Two: Disciplinary Infraction

The petitioner's second ground for relief, that the Commission's designation of institutional infractions as new criminal conduct was arbitrary, similarly lacks merit. The magistrate judge found that ground two must fail because the

6

Commission acted within its discretion when it determined that the petitioner's disciplinary infraction constituted new criminal conduct.

Pursuant to federal regulations, prison misconduct for purposes of established a parole guideline range may be classified as (1) an administrative rule infraction; (2) escape or new criminal behavior in a prison facility; or (3) new criminal behavior in the community. See 28 C.F.R. § 2.36(a). Further, the Commission may consider official reports of the inmate's prior criminal record, staff reports from the facility where the inmate is incarcerated, and any other relevant and readily available information about the inmate. See 18 U.S.C. § 4207. An inmate's institutional record is thus a permissible source of information for the Commission to consult when determining whether the inmate may be prone to committing other crimes if released into the community and whether such release is compatible with the public welfare. See D.C. Code § 24-404; Hall v. Henderson, 672 A.2d 1047, 1055 (D.C. 1996) (upholding D.C. Parole Board's decision to exceed parole guidelines based upon negative institutional behavior).

In his report and recommendation, the magistrate judge also found the Commission did not act arbitrarily or beyond its authorized scope, or violate the petitioner's constitutional rights by considering prior instances of the petitioner's misconduct, which had already been considered at previous hearings. These

7

findings are not clearly erroneous. Accordingly, the petitioner's claim for failure to credit time against his federal sentence for time spent in prior custody is without merit and must be denied.

C. Punitive Purpose

As to the third ground for relief, that the Commission's purpose in denying parole was to punish the petitioner rather than to protect the public, the magistrate judge determined that this ground too must fail because the Commission complied with the relevant statutory and regulatory requirements concerning parole in making its finding that the prisoner be denied parole. See D.C. Code § 24-404(1); 28 C.F.R. § 2.74(b); Wyatt v. Hyman, 647 A.2d 1175, 1179 (D.C. Cir. 1994) (Commission has discretion to determine whether release on parole is consistent with public safety).

The magistrate judge found that, contrary to the petitioner's assertion that the decision was made based upon a perceived need to punish him, the Commission departed from the guidelines based upon its conclusion that the petitioner posed a serious risk to public safety and that, therefore, the Commissioner's decision is not subject to judicial review. The magistrate judge's conclusion is not clearly erroneous.

V. Conclusion

This Court finds no clear error in the report and recommendation of the magistrate judge and hereby AFFIRMS and ADOPTS it in its entirety. Accordingly, the petitioner's

8

application for habeas corpus under 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 20, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE